CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 1 8 2008

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Betty Ann Johns, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> Eugene M. Stillwell, Jr., et al., <br> *Defendants.* | CIVIL ACTION No. 3:07cv00063 <br><br><br> MEMORANDUM OPINION AND ORDER <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant Eugene Stillwell's motion to dismiss Plaintiffs' claim under the Fair Housing Act for the failure to state a claim upon which relief can be granted. Defendant argues that Plaintiffs have not alleged any discriminatory statement made directly by him and that the statements alleged in the Complaint were unrelated to the termination of their rental contact. In response, Plaintiffs argue that Defendant made discriminatory statements, directly and through his agents, to discourage them from continuing their tenancy because of their race and that the statements were made in relation to the rental of his property. For the reasons that follow, Defendant's motion to dismiss will be DENIED.

## I. BACKGROUND

The plaintiffs, Betty Ann and Tyrone Johns ("Johns"), are an African-American couple living in Mineral, Virginia. The Johns have filed this action because of the alleged discriminatory acts committed by the defendants, Eugene Stillwell, Jr. ("Stillwell"), Jimmy Meninger ("Meninger"), and Billy Southwick ("Southwick"). The Johns allege that Defendants engaged in a pattern of racial harassment and intimidation during the six year period that they rented a house owned by Stillwell which included, among other things, making discriminatory statements, forcibly

evicting them from their home, and setting fire to their possessions.

In 1997, the Johns rented a trailer in Gordonsville, Virginia owned by Stillwell. The Johns did not rent the trailer from Stillwell directly, but instead dealt with a local real estate agent, Barbara Drinkwater. In February 1999, Stillwell decided to offer the Johns another rental property—the "big house" located at 2767 Lindsay Road—based on their rental history. Stillwell again employed Drinkwater to deal with the Johns and make the necessary arrangements. The Johns agreed to rent the house for 900 dollars a month.

The Johns moved into the house on or about February 15, 1999. That same day, Stillwell visited the house and met the Johns for the first time. Upon meeting Mrs. Johns, Stillwell made clear that he had not been aware that the Johns were African-American and that he was uncomfortable with that fact.

After that encounter, Stillwell and his relatives began a campaign of harassment and intimidation towards the Johns because of their race and/or color. Stillwell imposed onerous requirements on their tenancy, for example—informing the Johns that they could not have friends or family visit the house, that they could not congregate as a family, or put any articles in front of the house. Stillwell repeatedly called the Johns to inquire who was living there and reminded them that they could not have guests. He also advised repeatedly that he could come at any time to verify their compliance with these rules and informed the Johns that the property was being watched by neighbors.

Stillwell, the Johns' neighbors, and relatives of Stillwell regularly used racial epithets, swear words, and other derogatory terms when referring to the Johns. For example, Stillwell's relatives confronted Mrs. Johns with hateful and racist language as she was moving into the house. Later, a neighbor related to Stillwell called Mrs. Johns a "[nigger]" and told her, in effect, that "they were

not going to let the Johns live in that house in peace for as long as they lived there." Another relative told the Johns, in effect, that "you [niggers] shouldn't be in his grandmother's house."

The Johns' neighbors and Stillwell's relatives also trespassed in their yard and fired weapons near the house. Mrs. Johns repeatedly asked the trespassers to stay off of the property, but they would refuse, using racially offensive language and epithets. The Johns informed Stillwell about his relatives' and neighbors' harassment, trespassing, and use of firearms near the house, and asked him to inform his relatives and neighbors that they were not allowed on the property. Stillwell refused and stated that his relatives and neighbors could do as they pleased on the property.

In March 2005, Stillwell informed the Johns that he had decided to raise the rent to 1500 dollars a month. The Johns attempted to negotiate a lower rent, but decided to move after they were unsuccessful. The Johns and Stillwell subsequently agreed that their tenancy would terminate at the end of June 2005.

On June 9, 2005, the Johns left the house for the weekend to attend a funeral in Pennsylvania. While the Johns were gone, Stillwell entered the house and, with the held of his neighbors and relatives, including neighbors Meninger and Smithwick, removed the Johns' belongings and dumped them in front of the house. Stillwell, Meninger, and Smithwick claimed some of the items for themselves and permitted others to take whatever they wanted from the Johns' possessions. Stillwell, Meninger, Smithwick, and others then set fire to the Johns' possessions and watched them burn.

The Johns returned to find their possessions destroyed and strewn across the front of the yard. The Johns called the local police to report the removal and destruction of their property and then left the house, unable to recover their possessions. The Johns lost almost all of their possessions, including Mr. Johns' medicine, clothes, appliances, furniture, important documents

such as birth certificates and financial records, and items of sentimental value. Stillwell subsequently rented the Gordonsville house to individuals that are Caucasian.

The Johns filed this action on November 28, 2007, and allege that Defendants violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, by (1) making the house unavailable on the basis of race and/or color; (2) providing different terms, conditions, and privileges of rental on the basis of race and/or color; (3) making or causing to be made statements with respect to the rental of the house that indicated a preference, limitation, or discrimination based on race and/or color, or an intention to make such preference, limitation, or discrimination; and (4) by coercing, intimidating, threatening, and/or interfering with the Johns' exercise or enjoyment of their rights granted or protected by the Fair Housing Act. The Johns also claim that Defendants committed a hate crime by subjecting them to acts of vandalism against their property because of racial animosity and that Stillwell breached his contract to rent the house to them until the end of June 2005.

In response, Stillwell has filed the pending motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for the failure to state a claim upon which relief can be granted. Stillwell argues that the Johns have failed to allege any discriminatory statement made by him and, moreover, that the discriminatory statements they do allege are not related to the rental of his Gordonsville house. Therefore, Stillwell argues that the Johns have failed to state a claim under 42 U.S.C. § 3604(c).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Although a complaint "does

not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007) (internal citations omitted). Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254–55 (W.D. Va. 2001). Therefore, while Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face;" plaintiffs must "nudge[] their claims across the line from conceivable to plausible" or "their complaint must be dismissed." *Twombly*, 127 S.Ct. at 1974.

### III. DISCUSSION

Section 3604(c) of the Fair Housing Act makes it unlawful to make any statement with respect to the rental or sale of a dwelling that indicates any preference, limitation, or discrimination to any person on the basis of race or color. 42 U.S.C. § 3604(c). This prohibition applies to all written or oral notices or statements by a person engaged in the sale or rental of a dwelling and includes, but is not limited to, words or phrases that convey that dwellings are available, or not available, to persons because of race or color and expressing to agents or renters a preference for, or limitation on, any renter because of race or color. 24 C.F.R. §§ 100.75(b), (c)(1)–(2). The Court applies an "ordinary listener" standard to determine if a statement expresses that a particular race or color is preferred or disfavored for the housing in question. *See White v. U.S. Dep't of Hous. & Urban Dev.*, 475 F.3d 898, 907 (7th Cir. 2007); *United States v. Hunter*, 459 F.2d 205, 215 (4th Cir. 1972) (applying ordinary reader standard to determine if advertisement published in newspaper

5

violated § 3604(c)). Thus, a plaintiff in a § 3604(c) claim must show that (1) the defendant made a statement; (2) the statement was made with respect to the sale or rental of a dwelling; and (3) the statement indicated a preference, limitation, or discrimination against the plaintiff on the basis of race or color. 42 U.S.C. § 3604(c); *White*, 475 F.3d at 904.

Here, the Johns allege that Stillwell stated that he had been unaware that they were African-American before renting them the Gordonsville home and that he was uncomfortable with that fact after he learned they were African-American. The Johns also allege that Stillwell imposed onerous restrictions on them because of their race and regularly used racial epithets, swear words, and other derogatory terms when referring to them as his tenants. Further, the Johns claim that neighbors and relatives of Stillwell intimidated and harassed them on his behalf because of their race by, among other things, using racially offensive language and epithets.

Taken in the light most favorable to the plaintiffs, the Court finds that an ordinary listener could easily interpret these statements as conveying a preference, limitation, or discrimination on the basis of race or color. Indeed, it would be difficult to imagine that an ordinary listener could arrive at any other conclusion given the harsh and offensive language used by Stillwell and his relatives in calling the Johns "niggers" and advising that "you [niggers] shouldn't be in his grandmother's house." The Court further finds that the restrictions imposed by Stillwell—prohibiting the entertainment of guests or family—could be interpreted as a limitation imposed because of their race, particularly in light of the fact that these restrictions were not in place when the Johns rented his trailer from 1997 to 1999 and had not been discussed prior to meeting the Johns and learning that they are African-American.

The Court also finds that the Johns have satisfied the other two elements required to allege a § 3604(c) claim. The Johns have sufficiently alleged that Stillwell, as well as his neighbors and

6

relatives acting on his behalf, made oral statements that conveyed a preference, limitation, or discrimination on the basis of race or color. The Johns are not required to prove the agency or familial relationship at this stage of the litigation despite Stillwell's arguments to the contrary. Fed. R. Civ. P. 8(a)(2) (requiring only a short and plain statement of the claim showing that the plaintiff is entitled to relief); see *BP Chems. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 687 (8th Cir. 2002) (noting that plaintiffs are not required to allege the existence of agency with particularity except in cases involving fraud). Similarly, § 3604(c) does not require that the prohibited statements be made in the termination of the rental contract as Stillwell claims.[1] Instead, courts have interpreted § 3604(c) broadly "to eliminate the humiliation and social cost of racial discrimination." *Hunter*, 459 F.2d at 215. For that reason, courts have applied § 3604(c) to protect against the "psychic injury caused by discriminatory statements" and have permitted not only prospective tenants to recover damages under § 3604(c), but also plaintiffs that were not even in the market for housing. *See, e.g., United States v. Space Hunters, Inc.*, 429 F.3d 416, 425 (2d Cir. 2005). Therefore, the Court declines to limit the application of § 3604(c) as Stillwell argues and holds that § 3604(c) properly applies both to the discriminatory statements and limitations made by Stillwell when the Johns initially rented the Gordonsville house and also to the discriminatory statements made while the Johns were tenants of the house. *Hous. Rights Ctr. v. Donald Sterling Corp.*, 274 F. Supp. 2d 1129, 1142 (C.D. Cal. 2003) (Certainly a discriminatory statement . . . violates § 3604(c), even if not made at the moment of the first sale or rental."). Accordingly, the Court finds that the Johns have alleged sufficient facts to bring a claim under § 3604(c) and will deny Stillwell's motion to dismiss.

---

[1] In making this argument, Stillwell overlooks that many of his own discriminatory and limiting statements were made in the initial renting of the house itself and clearly relate to the rental of a dwelling.

7

## IV. DISCUSSION

For the reasons stated herein, the Court finds that Plaintiffs have alleged sufficient facts to bring a claim under § 3604(c) of the Fair Housing Act. Accordingly, the Court hereby DENIES Defendant Euguge Stillwell's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

Entered this 18th day of July, 2008

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

8